HENRY vs. HENRY & TOMPKINS.

Where one of the members of the firm had assumed the payment of all the copartnership debts, and a creditor's bill was afterwards filed against him and his copartner upon a judgment recovered against both for copartnership debt; Held, that the creditor could not obtain a receiver of the separate property only of the copartner who was merely in the situation of a surety for the payment of the debt, without showing some excuse for not extending the receivership to the copartnership effects, and to the separate property of the defendant who was the principal debtor.

August 2. THIS was an application for the appointment of a receiver, upon a creditor's bill, of the property of the defendant Tompkins only. The counsel for Tompkins showed that upon the dissolution of the copartnership between him and the other defendant the latter had assumed the payment of this and the other copartnership debts. And he insisted that the complainant should have applied to extend the receivership to the copartnership effects, and to the separate property of the other debtor, as well as to the property of Tompkins who stood merely in the situation of a surety.

*J. Howe,* for the complainant.

*D. Wright,* for the defendant, Tompkins.

THE CHANCELLOR decided that it was the duty of the complainant to proceed against the copartnership effects, and the separate property of the defendant who was the real debtor ; so that the same might be delivered over to the receiver for the protection and indemnity of the other defendant, who was in the situation of a surety for his codefendant for the payment of his debt. And as no good reason was shown for not applying for a receiver of the property of the other defendant, and of the copartnership effects, the application must stand over to enable the complainant to give notice of the application to the other defendant.